UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

MICHAEL MARINI
     Plaintiff,

-vs-

CAPITAL ONE BANK (USA), N.A.,
     Defendant.

Case No.
Hon.

## COMPLAINT & JURY DEMAND

### JURISDICTION

Michael Marini states the following claims for relief:

1. This court has jurisdiction under the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681o and 28 U.S.C. § 1331,1337.

2. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

### PARTIES

3. The Plaintiff to this lawsuit is Michael Marini who resides in Washtenaw County, MI.

4. The Defendant to this lawsuit is Capital One Bank, NA.

## VENUE

5. The transactions and occurrences which give rise to this action occurred in County.

6. Venue is proper in the Eastern District of Michigan.

## GENERAL FACTUAL ALLEGATIONS

7. Sometime during 2023, an individual posed as Michael Marini using Mr. Marini's personal identifiers in order to fraudulently obtain credit.

8. The person who posed as Mr. Marini sought credit from Cap One and completed a credit application online.

9. Cap One did not require or receive an paper application from the person requesting credit in Mr. Marini's name, and consequently, Cap One does not have a "paper copy" of any credit application.

10. Cap One did not use any physical means to verify the identity of the person posing as Mr. Marini.

11. Cap One did not verify email address, IP Address or the Phone number used to apply for credit in Mr. Marini's name.

12. If Cap One had sought to verify the email address, IP Address or phone number of the person posing as Mr. Marini, Cap One would have known that it was not dealing with Mr. Marini.

13. Cap One extended credit to the identity thief posing as Mr. Marini and opened an account in Mr. Marini's name without Mr. Marini's permission or consent.

14. Mr. Marini took no action that would give any reasonable person the impression that Mr. Marini had authorized the identity thief to open a credit account in Mr. Marin's name.

15. That the purported agreement was entered into without the request, knowledge, or consent of Mr. Marini.

16. The identity thief had no actual authority to bind Mr. Marini to any agreement.

17. After Cap One opened the account in Mr. Marini's name, Cap One began to report information about the account to the national consumer reporting agencies.

18. Cap One provided its credit reporting to the national consumer reporting agencies in the Metro 2 format which is promulgated by the Consumer Data Industry Association in the Credit Reporting Resource Guide.

19. Cap One provided that credit data to the national consumer reporting agencies under the terms of a data furnisher under which,

    a. The national consumer reporting agencies provided express notice of Cap One's duties under the FCRA.

    b. Secured Cap One's agreement to follow industry reporting standards as promulgated by the Consumer Data Industry Association, in its Consumer Reporting Resource Guide.

    c. Warranted the accuracy of the data that Cap One provided to the national consumer reporting agencies.

    d. Agreed to properly investigate consumer disputes, remove false or inaccurate datal; and verify only information that was accurate as determined by an investigation into the consumer's dispute.

20. After Cap One opened the account in Mr. Marini's name, Cap One allowed the identity thief to make a series of purchases which were delivered to an address not associated with Mr. Marini.

21. Because Cap One had accessed Mr. Marini's credit report and had Mr. Marini's address, it knew that the addresses where the purchases were delivered to might be associated with an identity theft.

22. After completing purchases with the account opened by Cap One, the identity thief disappeared without paying the charges to the account.

23. When those charges were not paid, Cap One reported the account as delinquent to the major national consumer reporting agencies.

24. After learning of the fraudulent Cap One account, Mr. Marini

    a. Disputed the account to Cap One's agents

    b. Filed a police report concerning the identity theft

    c. Completed an identity theft affidavit

    d. Disputed the account to the major national credit bureaus.

25. Consequently, Mr. Marini's credit report now contains false, inaccurate, and misleading information relating to the fraudulent account opened by the identity thief.

26. The Cap One tradeline is inaccurate, both false and incomplete in numerous ways.

27. The Cap One tradeline inaccurately portrays Mr. Marini as:

    a. a deadbeat who does not pay his bills;

    b. Owing a balance;

    c. Having an amount past due;

    d.    Having missed payments;

    e.    Someone whose identity was not stolen;

    f.    More financially irresponsible;

28. The Cap One tradeline is incomplete, missing fair context including Mr. Marini's dispute and that the account was the result of an identity theft.

29. Mr. Marini notified each of the national consumer reporting agencies that Cap One's credit information was inaccurate or incomplete, and provided a copy of his police report and identity theft affidavit.

30. In turn, each of those consumer reporting agencies notified Cap One of Mr. Marini's dispute pursuant to the FCRA, 15 U.S.C. § 1681i, and each provided a copy of Mr. Marini's dispute letter, police report, and identity theft affidavit.

31. Cap One failed to properly investigate disputed information in violation of the FCRA, §1681s-2b.

32. Cap One failed to follow reasonable procedures to safeguard against inaccurate reporting.

33. Cap One failed to block the information that was the subject of the police report and identity theft affidavit.

34. Cap One continued to report the inaccurate or incomplete information about Mr. Marini to those consumer reporting agencies.

35. The national consumer reporting agencies forwarded notice of Mr. Marini's dispute electronically to Cap One, in the form of an "ACDV."

36. Cap One received the notice of Mr. Marini's dispute via an "ACDV" along with Mr. Marini's dispute letter, police report, and identity theft affidavit.

37. Cap One verified that its prior reporting of the account.

38. At the time that Cap One verified its prior reporting of the fraudulent account, it was aware that it had no evidence establishing that Mr. Marini was actually the person who opened the fraudulent account.

39. Had Capital One conducted a reasonable investigation, it would have been able to confirm that Mr. Marini did not in fact open the fraudulent account and that Mr. Marini had not authorized any of the charges to that card.

40. Cap One's investigation -- as envisioned by 15 U.S.C. § 1681s-2 -- was not reasonable.

41. Cap One failed to give due weight to the documentary evidence provided by Mr. Marini and failed to properly report the results of the investigation.

42. Cap One was required to design and implement rules consistent with the Red Flags Rule requirements issued at 16 CFR § 681.1.

43. In conducting its investigations into Mr. Marini's claims of identity theft, Cap One was required to comply with the requirements of Appendix A to Part 681 of the regulations issued under FACTA.

44. Mr. Marinin separately wrote to Cap One to dispute the charges, and to request copies of all account materials related to the identity theft under 15 U.S.C. § 1681g(e).

45. Mr. Marini was entitled to "a copy of application and business transaction records in the control of the business entity, whether maintained by the business entity or by another person on behalf of the business entity, evidencing any transaction alleged to be a result of identity theft" 15 U.S.C. § 1681g(e)

46. Cap One was required to provide that information within 30 days of receipt of the request.

47. With this lawsuit, Mr. Marini renews that request and demands that Cap One provide a copy of the required documents within 30 days of receipt of this action.

48. In response to the letter, Cap One refused to provide any records or to remove the false information relating to the identity theft.

49. Cap One also hired debt collectors to collect on the fraudulent account.

50. Mr. Marini notified Cap One's debt collectors of the fraudulent nature of the account and provided copies of his police report and identity theft affidavit.

51. Even though Mr. Marini provided that information, Cap One's collectors refused to cease collection of the fraudulent account.

52. Following Cap One's improper investigation of Mr. Marini's dispute, the national consumer reporting agencies each published a copy of Mr. Marini's consumer report which included the inaccurate Cap One account information.

53. As a result of the publication of the inaccurate information, Mr. Marini suffered damages in the form of adverse action on an anticipated home loan.

54. The improper verification of the objectively inaccurate, disputed account information by Cap One constitutes *prima facie* evidence that Cap One acted negligently or in willful disregard of Mr. Marini's rights.

## COUNT I.  FAIR CREDIT REPORTING ACT FURNISHER CLAIMS, 15 U.S.C. § 1681S-2 AND 1681G(E) (CAP ONE)

55. Cap One failed to conduct a reinvestigation consistent with its obligations set forth in 15 U.S.C. § 1682s-2(b)(1)(A)-(E).

56. Cap One negligently violated 15 U.S.C. § 1681s-2(b) and 168i; alternatively Cap One willfully violated 15 U.S.C. § 1681s-2(b) and 1681n.

57. Cap One has violated 15 U.S.C. § 168g(e) and this Court should order it to comply within 30 days of service of this complaint.

58. Mr. Marini has suffered damages as a result of this violation of the FCRA.

## COUNT II.  TRUTH IN LENDING ACT

59. Cap One has issued a credit card to Mr. Marini in the absence of his request for that card, in violation of 15 U.S.C. § 1642.

## COUNT III.  CREDIT REPAIR ORGANIZATION ACT (CAP ONE)

60. Mr. Marini is a consumer as that term is used in the Credit Repair Organizations Act (CROA), 15 U.S.C. § 1679a(1).

61. Cap One has made untrue and/or misleading statements with respect to Mr. Marini to each of the major consumer reporting agencies in violation of CROA, 15 U.S.C. § 1679b(1).

62. Cap One's violations of the CROA were willful

63. Mr. Marini has suffered damages as a result of this violation of the CROA.

## COUNT IV.  MICHIGAN REGULATION OF COLLECTION PRACTICES ACT (CAP ONE)

64. Cap One is a "regulated person" as that term is defined under the Michigan Regulation of Collection Practices Act (MRCPA), M.C.L. § 445.251 et seq.

65. Cap One has attempted to collect the disputed account from Mr. Marini.

66. Cap One has violated the MRCPA, M.C.L. § 445.251 et seq. by engaging in the prohibited acts.

67. The violations of the MRCPA set forth above, by Cap One were willful.

68. Mr. Marini has suffered damages as a result of these violations of the MRCPA.

### COUNT V.  CONSUMER PROTECTION ACT (CAP ONE)

69. Cap One has violated the provisions of the Michigan Consumer Protection Act, M.C.L. § 445.903(1):

70. Mr. Marini has suffered damages as a result of these violations of the Michigan Consumer Protection Act by Cap One.

### COUNT VI.  SPECIAL REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF(CAP ONE)

71. Mr. Marini is entitled to the materials listed in 15 U.S.C. § 1681g(e) within 30 days of the request.

72. Cap One refused to comply with Mr. Marini's lawful request for copies of the materials mandated to be provided under 15 U.S.C. § 1681g(e).

73. Mr. Marini requests that this Court issue its order compelling compliance with 15 U.S.C. § 1681g(e).

74. Cap One has continued in its efforts to collect from Mr. Marini.

75. Mr. Marini does not owe the money that Cap One claims is owed.

76. It appears that Cap One is unwilling to cease its collection efforts and derogatory credit reporting without a court order commanding it to do so.

77. Cap One's efforts to collect the amounts which are not justly due are in willful violation of Mr. Marini's right to be free of from unwarranted collection efforts and interference with his personal credit affairs.

78. Mr. Marini will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from Cap One's claimed debt continues to appear on his consumer report.

79. The MRCPA specifically prohibits a regulated person from making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or  M.C.L. § 445.252.

80. The MRCPA specifically provides for declaratory and injunctive relief to a consumer.

81. Mr. Marini requests that this Court issue its order declaring the relative rights of Mr. Marini and Cap One with respect to the disputed account which continues to appear on Mr. Marini's consumer report.

**COUNT VII.  SPECIAL REQUEST FOR DECLARATION OF "NO CONTRACT" AND INJUNCTIVE RELIEF UNDER THE MRCPA (CAP ONE)**

82. Cap One has continued in its efforts to collect from Mr. Marini via the credit reporting system.

83. Mr. Marini does not owe the money that Cap One claims is owed.

84. It appears that Cap One is unwilling to cease its collection efforts and derogatory credit reporting without a court order commanding it to do so.

85. Cap One's efforts to collect the amounts which are not justly due are in willful violation of Mr. Marini's right to be free of from unwarranted collection efforts and interference with his personal credit affairs.

86. Mr. Marini will continue to suffer harm to his credit reputation and ability to obtain credit as needed if the derogatory and false information from Cap One's claimed debt continues to appear on his consumer report.

87. Mr. Marini will suffer irreparable annoyance, harassment, and harm to his reputation if the derogatory and false information continues to be published.

88. The account in question was never used by Mr. Marini to obtain goods and services.

89. Notwithstanding these facts, this account has been transferred to at least one debt collector.

90. It is a common industry practice within the credit industry for debt collectors and credit companies to sell or transfer accounts which cannot lawfully be enforced, thus requiring consumers like Mr. Marini to repeatedly defend against non judicial collection efforts and adverse credit reporting which can only be remedied after months -- sometimes years -- of credit disputes.

91. People, including Mr. Marini, rely on their credit worthiness as a safety net.

92. People who have worked hard to establish and maintain good credit can rely on their ability to secure financing and other essentials when the need arises. But a company like Cap One strip away a consumer's

safety nets when it disregards its obligation to use credit reporting responsibly and within the bounds of the law.

93. Consequently, consumers like Mr. Marini may be subjected to repeated collection and credit reporting which damage his ability to obtain, credit, insurance or employment based upon a fraudulent account.

94. In the current economic environment, job and credit opportunities are scarce and cannot be easily replaced.

95. Mr. Marini has no way of knowing when, where, or why the account in question may be transferred to another debt collector, or returned to Cap One. Likewise, even in the absence of current efforts to collect, he has no way of knowing when or where any other company may appear and demand payment on this bogus account.

96. Similarly, Mr. Marini has no way of knowing whether he will continue to be employed or have the need for credit, either as a matter of convenience or as a matter of necessity (as by medical need).

97. To the extent that potential creditors, employers, insurers, and other businesses rely on consumer reports, the potential for harm from the account is great.

98. Neither Cap One nor its debt collection firm have brought suit on this bogus account.

99. In the absence of an affirmative suit in which Mr. Marini could obtain an adjudication of his rights, the only conceivable means by which Mr. Marini can obtain proof that he does not owe this debt is through a declaration of his rights by this Court in relation to this account, as against all the known parties of interest.

100. Because Mr. Marini cannot prevent the further transfer, sale, collection or reporting of the account, a declaration that he does not lawfully owe this debt enables Mr. Marini to effectively avert further harm to his reputation, employment opportunities and ability to secure credit.

101. A declaratory judgment is necessary for Mr. Marini to clarify and settle the legal relations at issue concerning this bogus account, and provide relief from the Damoclean uncertainty which arises from this controversy.

102. Mr. Marini requests that this Court declare his rights as against Cap One.

103. Declaratory relief is available to litigants under the Declaratory Judgment Act, 28 U.S.C. § 2201 and F.R.Civ.P. 57.

104. Mr. Marini requests that this Court issue its order declaring the relative rights of Mr. Marini and Cap One with respect to the disputed account which continues to appear on Mr. Marini's consumer report.

105. Mr. Marini requests an injunction against further collection efforts by Cap One.

## JURY DEMAND

106. Mr. Marini demands trial by jury.

## REQUEST FOR RELIEF

107. ACCORDINGLY Mr. Marini requests:

    a.  That Cap One provide the documents requested under 15 U.S.C. § 1681g(e) within 30 days of receipt of this action.

    b.  That the Court Grant any relief allowed by federal law and Fed.R.Civ.P. 54(c) and (d).

Respectfully Submitted,

By: /s/ *Ian B. Lyngklip*
Ian B. Lyngklip P47173
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
Attorney for Michael Marini
13751 W. 11 Mile Road
Oak Park, MI 48237
Ian@ConsumerLawyers.com
(248) 208-8864

Respectfully submitted,
/s/ *Duran L. Keller*
Duran L. Keller (#31743-79)
**KELLER LAW**
8 N. Third Street, STE 403 (Indiana ofc)
Lafayette, IN 47901
T. (765) 444-9202 F. (765) 807-3388
Email: duran@keller.law

Attorneys for Plaintiff Michael Marini

Dated: December 16, 2024